UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

JOHN L. HYCHKO and
SHANNON E. HYCHKO,

Debtors.

Chapter 13
Case No. 16-20055

**DECISION ON TRUSTEE'S OBJECTION TO EXEMPTIONS**

The specific question before the court involves the latest chapter in the Hychkos' disputes with the chapter 13 trustee over their claims of exemptions in proceeds from personal injury claims. The answer depends upon whether Ms. Hychko or the trustee bears the burden of proof. For the reasons set forth below, the court determines that the trustee does and because he failed to satisfy it, his objection is overruled.

**Background.**

The Hychkos filed for relief under chapter 13 of the United States Bankruptcy Code in February of 2016. In January of 2017, they amended their bankruptcy schedules to, among other things, reflect a "[p]ersonal injury claim resulting from auto accident in May 2016 for [Ms. Hychko]" with an unknown value. (D.E. 50). They also amended their exemptions by claiming three exemptions in that asset: $12,5000 pursuant to 14 M.R.S.A. § 4422(14)(D), 100% pursuant to 14 M.R.S.A. § 4422(14)(E) and $6,000 pursuant to 14 M.R.S.A. §4422(16). (D.E. 50). On February 12, 2019, the Hychkos requested the approval of a compromise of Ms. Hychko's personal injury claim in the amount of $30,000. D.E. 91. The trustee initially objected to the compromise in part because: "The compromise does not say precisely what the $30,000 is for (damages for bodily injury, lost wages, etc.). A copy of the settlement agreement (or proposed agreement) is not attached to the application. It

is possible that none or only a portion of the settlement proceeds are exempt." D.E. 94. Ms. Hychko responded by filing a copy of the release between her and the settling parties.

A hearing on this dispute was held on May 2, 2019, and the court took the issue under advisement.

### Burden of Proof.

As a general principle, exemptions are construed liberally in favor of the debtor. In re Christo, 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999), aff'd, 192 F.3d 36 (1st Cir. 1999). A debtor claiming an exemption carries the initial responsibility of establishing entitlement to that protection and can successfully do so by identifying the property and clearly designating the basis for the exemption. In re Maylin, 155 B.R. 605, 614 (Bankr. D. Me. 1993); Barry Russell, Bankr. Evid. Manual § 301:61 Exemptions—Rule 4003, § 301:61 (2018 ed.). Then, the burden shifts to the objecting party who bears the burden of proving, by a preponderance of the evidence, that the exemption is improperly claimed. Fed. R. Bankr.P. 4003(c). See also, In re Broder, 2019 WL 1273300, at *1 (Bankr. D. Me. Mar. 15, 2019); In re Rockwell, 590 B.R. 19, 22 (Bankr. D. Me. 2018); In re Gourdin, 431 B.R. 885, 891 (B.A.P. 1st Cir. 2010).[1] If the objecting party can produce sufficient evidence to rebut the exemption, the burden of production shifts to the debtor, In re Nealon, 2016 WL 312409, at *6 (B.A.P. 1st Cir. Jan. 20, 2016), however, "the ultimate burden of proof remains with the party objecting to exemptions." 9 Collier on Bankruptcy P 4003.04 (16th 2019); In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007), as amended (Nov. 15, 2007).

---

[1] As this Court observed in In re Chaney, "[t]hough not controlling here, I note that a nascent minority of courts, and at least one commentator, have concluded that Rule 4003(c) is invalid to the extent it assigns the burden of proof on an objection to a state-law claim of exemption in a manner contrary to state law." 2016 WL 4446007, at *1 (Bankr. D. Me. Aug. 23, 2016) (internal quotations and citations omitted).

**Discussion.**

Ms. Hychko satisfied her initial burden by specifically listing the personal injury claim and the basis for her asserting that it is exempt property - 14 M.R.S.A. § 4422(14)(D) and (E)[2]. The trustee maintains that Ms. Hychko has not met her burden of establishing that those proceeds qualify as exempt because the settlement agreement does not state the precise nature of the damages (i.e. bodily injury, lost wages, etc.). However, it is the trustee, as the objecting party, who bears the burden of proving that Ms. Hychko's exemptions in the settlement proceeds are not properly claimed. This rule reflects the presumptive validity of exemption claims embodied in the Code, In re Maylin, 155 B.R. at 614, and helps gives meaning to the Bankruptcy Code's "fresh start policy". In re Bennett, 192 B.R. 584, 587 (Bankr. D. Me. 1996). The fact that a lump sum personal injury settlement does not contain an allocation does not shift the burden of proof from the objecting party. See, e.g., In re Harrington, 306 B.R. 172, 181-183 (Bankr. E.D. Tex. 2003) (collecting cases); 4 Collier on Bankruptcy P 522.09 (16th 2019)("Typically, debtors' rights to receive payments for personal bodily injury are included either in a settlement with or a judgment against a third party. The judgments and agreements generally are not explicit as regards the character of the payments. Since any amounts attributable to pain and suffering

---

[2] 14 M.R.S.A. § 4422(14)(D, E) provides:

The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor . . .

> **14. Legal awards; life insurance benefits**. The debtor's right to receive or property that is traceable to the following: . . .
>
>> **D.** A payment, not to exceed $12,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or
>>
>> **E.** A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

are not exemptible under section 522(d)(11)(D), the court must determine the extent to which the lump sum or annuity payment is covered by the debtor's exemption. In reaching this conclusion, the burden of proof is on the party objecting to the claim of exemption.").

Here, the trustee has not offered any proof that the lump sum settlement payment represents anything other than a payment on account of personal bodily injury, other than pain and suffering or compensation for actual pecuniary loss. Merely asserting the payment could be for something other than bodily injury, and demanding that Ms. Hychko provide evidence of a damages allocation that does not exist, does not satisfy the trustee's burden under Fed. R. Bankr. P. 4003(c). Thus, on the record presented by the parties, the trustee has not met this challenge and the burden of production never shifted to Ms. Hychko. The trustee's objection to Ms. Hychko's exemption in her personal injury claim is hereby overruled.

Dated: May 14, 2019                         /s/ Peter G. Cary
                                            Judge Peter G. Cary
                                            United States Bankruptcy Court